UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA VARGAS, MARTIN VARGAS, ANGELICA VARGAS, AUGUSTIN VARGAS, ARNULFO BERMUDEZ, JORGE VARGAS, AND PEDRO GARCIA,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, EDWARD PRIETO, HECTOR BAUTISTA, REIKO MATSUMURA, GARY HALLENBECK and DOES 1 TO 50,<br><br>Defendants. | No. 2:15-cv-02537-TLN-CKD<br><br>**ORDER DENYING DEFENDANTS' EX PARTE APPLICATION FOR ORDER TO STAY PROCEEDINGS** |

This matter is before the Court on an Ex Parte Application for Order to Stay Proceedings filed by Defendants County of Yolo, Yolo County Sheriff's Office, Edward Prieto, Hector Bautista, Reiko Matsumura and Gary Hallenbeck (collectively, "Defendants"). (Defs.' Ex Parte Appl. for Stay, ECF No. 14.) Plaintiffs Maria Vargas, Martin Vargas, Angelica Vargas, Augustin Vargas, Arnulfo Bermudez, Jorge Vargas, and Pedro Garcia ("Plaintiffs") oppose the Ex Parte Application to Stay. (Pls.' Resp. in Opp'n to Defs. Ex. Parte Appl. for Stay, ECF No. 17.)

**I.    FACTUAL BACKGROUND**

On March 8, 2015, several family members and friends were present at the Vargas residence. (Compl., ECF No. 1 at ¶ 21.) Defendants Hector Bautista, Reiko Matsumura, and Gary Hallenbeck arrived at the Vargas residence. (Answer, ECF Nos. 14 at ¶ 12.) Plaintiffs

1

allege Defendants mistreated and wrongfully arrested Plaintiffs.  (ECF No. 1 at ¶¶ 22–52.)  On June 15, 2015, the Yolo County District Attorney executed a criminal complaint against Plaintiffs Maria Vargas and Jorge Vargas.  (ECF No. 1 at ¶ 57.)  Plaintiff Maria Vargas was charged with two counts of Resisting or Obstructing a Peace Officer.  (ECF No. 1 at ¶ 57.)  Plaintiff Jorge Vargas was charged with Resisting an Executive Officer by Means of Threats, Force or Violence and Battery on a Peace Officer.  (ECF No. 1 at ¶ 57.)  Those Charges are currently pending before the Superior Court of California for the County of Yolo, Case No. 15003411.  (ECF No. 1 ¶ 57.)

Defendants filed their Ex Parte Application for Stay on February 17, 2016.  (ECF No. 14.)  Defendants request that the Court stay this case until the related criminal cases are concluded.  (ECF No. 14 at 1.)

## II.  STANDARD OF LAW

A district court weighs the following factors when considering a motion to stay: "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."  *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936))).  As the moving party, Defendants bear the burden to demonstrate that a stay is warranted.  *Clinton v. Jones*, 520 U.S. 681, 706, 117 S. Ct. 1636, 137 L. Ed. 2d 945 (1997) ("The proponent of a stay bears the burden of establishing its need.") (citing *Landis*, 299 U.S. at 255).

## III.  ANALYSIS

The Court finds that Defendants have not met their burden to demonstrate that a stay is warranted.  Defendants primary argument is that the Court should grant a stay until Plaintiffs' criminal cases are resolved because the outcome could bar some of Plaintiffs' claims.  (ECF No. 14 at 4.)  First, Defendants address collateral estoppel.  (ECF No. 14 at 4–5.)  "[Collateral estoppel] means simply that when an issue of ultimate fact has once been determined by a valid final judgment, that issue cannot again be litigated between the same parties in any future

lawsuit." *Ashe v. Swenson*, 397 U.S. 436, 443 (1970).  Here, there is no final judgment against Plaintiffs.  Therefore, collateral estoppel does not apply in the instant case.  Second, Defendants contend that under the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), if a judgment in favor of the plaintiff would imply invalidity of his conviction, the complaint must be dismissed.  (ECF No. 14 at 5.)  However, *Heck* does not provide that "an action which would impugn an anticipated future conviction cannot be brought until that conviction occurs and is set aside."  *Wallace v. Kato*, 549 U.S. 384, 385, 127 S. Ct. 1091, 1093, 166 L. Ed. 2d 973 (2007).  In the instant case, Plaintiffs' criminal cases are still pending, thus there is not a conviction that would act as a bar.  Moreover, as Plaintiffs have asserted, it is likely that the criminal case will be concluded prior to the civil trial.[1]  As such, should Plaintiffs be convicted of an offense that would preclude recovery on any of their civil claims, the Court will be able to address it prior to the civil trial.   Thus, the Court does not find that *Heck* warrants a stay at this time.  Additionally, the Court does not find that Defendants have met their burden of demonstrating that the factors listed above weigh in favor of granting a stay.

Defendants do not identify any hardship or inequity in being required to move forward.  Instead, Defendants rest their assertions on their theory that *Heck* will require dismissal of Plaintiffs' claims for false arrest.  (ECF No. 14 at 5–6.)  However, only two of the seven Plaintiffs have pending criminal trials, (ECF No. 17 at 7), and Plaintiffs' false arrest claims only account for a small portion of their claims.  Furthermore, as previously stated, due to this Court's heavy criminal case load, it is likely that Plaintiffs' criminal cases will have concluded prior to the conclusion of the instant civil action.

For the reasons set forth above, Defendants' Ex Parte Application for Stay (ECF No. 14.) is DENIED.

**IT IS SO ORDERED**

Dated: March 18, 2016

Troy L. Nunley
United States District Judge

---

[1] The Yolo County District Attorney executed a criminal complaint against Plaintiffs Maria Vargas and Jorge Vargas on June 15, 2015.  (ECF No. 1 at ¶ 57.)