UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA VARGAS, MARTIN VARGAS, ANGELICA VARGAS, AUGUSTIN VARGAS, ARNULFO BERMUDEZ, JORGE VARGAS, AND PEDRO GARCIA,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, EDWARD PRIETO, HECTOR BAUTISTA, REIKO MATSUMURA, AND GARY HALLENBECK,<br><br>Defendants. | No. 2:15–CV–02537–TLN–CKD<br><br>**ORDER** |

This matter is before the Court on Plaintiffs Maria Vargas, Martin Vargas, Angelica Vargas, Augustin Vargas, Arnulfo Bermudez, Jorge Vargas, and Pedro Garcia's (hereinafter referred to as "Plaintiffs") Motion to Strike Defendants County of Yolo, Yolo County Sheriff's Office, Edward Prieto, Hector Bautista, Reiko Matsumura, and Gary Hallenbeck's ("Defendants") Answer. (Pl.'s Mot. to Strike, ECF No. 16.) Defendants oppose the motion. (Def.'s Opp'n, ECF No. 18.) For the reasons set forth below, Plaintiffs' Motion to Strike is

1

GRANTED IN PART and DENIED IN PART.

## I.     FACTUAL BACKGROUND

All named Plaintiffs are private residents of Yolo County in the State of California, who at the time of the incident were present at the Vargas family home located in the town of Esparto. (Pl.'s Comp., ECF No. 1 at ¶¶5–11; ECF No. 1 at ¶¶20–21.) Defendants County of Yolo and Yolo County Sheriff's Office are "public entities" within the definition of California Government Code Section 945. (ECF No. 1 at ¶¶12–13.) Defendant Prieto is the Sherriff of Yolo County, Defendant Bautista is a sergeant, and Defendants Matsumura and Hallenbeck are sheriff's deputies. (ECF No. 1 at ¶¶14–17.)

Numerous Plaintiffs and Defendants were involved in separate altercations while Defendant officers were attempting to locate one of the Vargas family members on the night of the incident detailed below. It is unclear from the parties' briefs whether Defendants did in fact have a search warrant in connection with the incident at the Vargas home. Although confusing, the Court attempts to separate out the altercations that happened between each Plaintiff and Defendant below.

On March 8, 2015, while Plaintiffs were at the Vargas family home, Defendants Bautista, Matsumura, and Hallenbeck approached the home with tasers drawn, and began asking Plaintiffs the location of one of their family members. (ECF No. 1 at ¶¶22–24.) Defendants Bautista and Hallenbeck handcuffed Plaintiff Arnulfo Bermudez and entered the Vargas home through the garage. (ECF No. 1 at ¶¶27–28.)

In the garage, Defendant Matsumura demanded that Plaintiff Angelica Vargas put out her cigarette which Plaintiffs claim she did not understand due to a language barrier. (ECF No. 1 at ¶29.) Defendant Matsumura then patted Angelica Vargas down, put her in a "wrist lock," and used a knee to force Angelica Vargas onto the ground. (ECF No. 1 at ¶¶30–35.) Defendant Matsumura applied a taser in "drive–stun" mode to Angelica Vargas as she lay on the ground. *Id*. Defendant Matsumura then arrested Angelica Vargas's husband Martin Vargas as he protested his wife's arrest. (ECF No. 1 at ¶36.)

2

1  Defendant Bautista attempted to enter the Vargas residence from inside the garage but was
2  stopped by Plaintiff Maria Vargas.  (ECF No. 1 at ¶38.)  When Maria Vargas asked for a warrant
3  and refused to move out of the doorway to the residence without one, Defendant Bautista forced
4  Maria Vargas to the ground, and applied handcuffs.  (ECF No. 1 at ¶¶39–40.)
5  Defendant Hallenbeck approached Plaintiff Jorge Vargas and ordered him to get on the
6  ground.  Jorge refused, and Defendant Hallenbeck shot Jorge Vargas with his taser in "probe"
7  mode twice as Jorge ran to the backyard of the home.  (ECF No. 1 at ¶¶41–43.)  Defendant
8  Hallenbeck then subdued Jorge Vargas with his baton and demanded him to "crawl" back to the
9  garage to be handcuffed.  (ECF No. 1 at ¶44.)
10  At some point during the altercation, Plaintiff Augustine Vargas asked the Defendants
11  why his family was being detained and stated that he was going to video tape the detention,
12  whereupon Defendant Matsumura responded with a threat to tase him.  (ECF No. 1 at ¶48.)
13  Defendant Bautista then handcuffed Augustine Vargas.  Defendants Bautista and Hallenbeck then
14  drew their weapons and searched the Vargas home.  (ECF No. 1 at ¶50.)
15  Plaintiff Pedro Garcia asked the deputies if he was under arrest or being detained to which
16  Defendants answered "no" and then handcuffed him.  (ECF No. 1 at ¶51.)
17  Following these events, Plaintiffs were transported to jail, booked, and released the
18  following day.  Plaintiffs Angelica and Jorge Vargas were transported to the hospital before being
19  transported to the jail.  (ECF No. 1 at ¶52.)  The Yolo County District Attorney initially declined
20  to file criminal charges against Plaintiffs in connection with the March 8, 2015 incident.  (ECF
21  No. 1 at ¶53.)
22  On April 24, 2015 Plaintiffs filed a "Citizen's Complaint Form" with the Defendant Yolo
23  County Sheriff's Department.  (ECF No. 1 at ¶54.)  After what they perceived as a "threatening"
24  email from Lt. Torres, Plaintiffs declined to participate in interviews, and proceeded on the basis
25  of their Complaint Form.  (ECF No. 1 at ¶56.)  Lt. Pires eventually issued a statement that the
26  Plaintiffs' Complaint Form had been unfounded/not sustained and therefore the Complaint Form
27  was subsequently closed.  (ECF No. 1 at ¶58.)
28

On June 15, 2015, despite the April 9, 2015 declination to file charges, the Yolo County District Attorney executed a criminal complaint against Plaintiffs Maria Vargas for "Resisting or Obstructing a Peace Officer" and Jorge Vargas for "Resisting an Executive Officer by Means of Threats, Force, or Violence" and "Battery on a Peace Officer." (ECF No. 1 at ¶57.)

## II.     PROCEDURAL BACKGROUND

Plaintiffs assert a variety of federal and state claims against the named Defendants arising out of the incidents occurring at the Vargas home on March 8, 2015. On December 8, 2015, Plaintiffs filed their Complaint under the Federal Civil Rights Act, 42 U.S.C. §1983 (hereafter, "§1983") alleging violations of their First, Fourth, and Fourteenth Amendment rights. (*See generally* ECF No. 1.)  Specifically, the federal claims include Excessive Force, False Arrest, Unlawful Suppression/ Prior Restraint, Failure to Intervene, Inadequate Customs/ Policies/ Practices, and Inadequate Training/Supervision/Discipline. Plaintiffs also bring claims under California State Law.  The state claims include Battery, False Arrest, Unlawful Suppression/Prior Restraint, Negligence, Intentional Infliction of Emotional Distress, and violations of the Bane Act. *Id*.  Based on these allegations, Plaintiffs seek compensatory, general, and special damages against all Defendants as well as punitive damages against Defendants Prieto, Bautista, Matsumura, and Hallenbeck. (ECF No. 1 at 8.) Plaintiffs are also seeking attorney fees and litigation costs. (ECF No. 1 at 8.)

On January 28, 2016, Defendants filed their Answer to Plaintiffs' Complaint, asserting eleven affirmative defenses. (Def.'s Ans., ECF No. 12.) Plaintiffs now move this Court, under Federal Rule of Civil Procedure 12(f), to strike all eleven of those affirmative defenses. (*See generally* ECF No. 16.)

In Defendants' Opposition, Defendants concede that Defenses One, Two, Eight and Eleven are not proper defenses, but oppose striking the remaining defenses. (ECF No. 18 at 5:28; ECF No. 18 at 6:9; ECF No. 18 at 9:4; ECF No. 18 at 11:22.) Specifically, Defendants oppose Plaintiffs' Motion to Strike Affirmative Defenses Three, Four, Five, Six, Seven, Nine, and Ten. (ECF No. 18.)  Accordingly, because Defendants do not oppose the dismissal of

4

Affirmative Defenses One, Two, Eight and Eleven, the Court GRANTS Plaintiffs' Motion to Strike with respect to those Affirmative Defenses.

As such, the Court turns to whether Affirmative Defenses Three, Four, Five, Six, Seven, Nine, and Ten should be stricken, and if so, whether Defendants should be granted leave to amend these defenses.

### III.   STANDARD OF LAW

#### A.   Motion to Strike

Under Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Pro. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney–Vinstein v. A H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). However, 12(f) motions are "generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003). "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Id*. Unless it would prejudice the opposing party, courts freely grant leave to amend stricken pleadings. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979); *see also* Fed. R. Civ. Pro. 15(a)(2). If the court is in doubt as to whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied, leaving an assessment of the sufficiency of the allegations for adjudication on the merits. *See generally Whittlestone, Inc. v. HandiCraft Co*., 618 F.3d 970, 974–75 (9th Cir. 2010).

#### B.   Affirmative Defense Pleading Standard

Rule 8(c) provides, in pertinent part, that "a party must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. Pro. 8(c). The Ninth Circuit has held that "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak*, 607 F.2d at 827 (citing *Conley v. Gibson*, 355 U.S. 41, 47–48 (1957)); *accord Simmons v. Navajo*, 609 F.3d 1011, 1023 (9th Cir. 2010); *Schutte & Koerting,*

*Inc. v. Swett & Crawford*, 298 Fed. Appx. 613, 615 (9th Cir. 2008).  "Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense." *Kohler v. Islands Restaurants, LP.,* 280 F.R.D. 560, 564 (S.D. Cal. 2012) (citing *Conley*, 355 U.S. at 47). "On the other hand, an affirmative defense is legally insufficient only if it clearly lacks merit 'under any set of facts the defendant might allege.'" *Id*. (quoting *McArdle v. AT & T Mobility, LLC*, 657 F. Supp. 2d 1140, 1149–50 (N.D. Cal. 2009)).

**IV.   ANALYSIS**

    A.  <u>Plaintiffs' Proposed Pleading Standard</u>

Plaintiffs ask this Court to strike Defendants' "deficient affirmative defenses" by extending the rationale set forth in *Bell Atlantic Corporation v. Twombly*, 550 U. S. (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), to all pleadings.  (ECF No. 16 at 1.)  Plaintiffs claim that this "heightened pleading standards approach" has been adopted by many courts in the wake of the *Twombly* and *Iqbal* decisions.  (ECF No. 16 at 1.)

Neither the Ninth Circuit nor any other Circuit Court of Appeals has ruled on this issue. Although the heightened "all–pleadings approach" has been adopted by some courts, this Court finds that a number of recent decisions within California have opted not to adopt this approach. *See Kohler*, 280 F.R.D. at 565–66; *Uriarte v. Schwarzenegger*, No. 06–CV–1558, 2012 WL 1622237, at *3 (S.D. Cal. May 4, 2012); *Weddle v. Bayer AG Corp.*, No. 11–CV–817, 2012 WL 1019824, at *2 (S.D. Cal. Mar. 26, 2012); *Meas v. CVS Pharmacy*, No. 11–CV–0823, 2011 WL 2837432, at *3 (S.D. Cal. July 14, 2011); *Joe Hand Promotions, Inc. v. Estradda*, No. 10–CV – 02165, 2011 WL 2413257, at *5 (E.D. Cal. June 8, 2011); *J & J Sports Prods , Inc. v. Scace*, No. 10–CV–2496, 2011 WL 2132723, at *1 (S.D. Cal. May 27, 2011); *Garber v. Mohammadi*, No. 10–CV–7144, 2011 WL 2076341, at *4 (C.D. Cal. Jan. 19, 2011); *see also Holdbrook  v. SAIA Motor Freight Line, LLC*, No. 09–CV–02870, 2010 WL 865380, at 2 (D. Colo. 2010); *Bartronics, Inc. v. Power–One, Inc.*, 245 F.R.D. 532, 537 n. 5 (S.D. Ala. 2007).  Furthermore, this Court finds the reasoning for not adopting the "all-pleadings approach" persuasive.  First, the Ninth Circuit has continued to recognize the "fair notice standard" set forth in *Wyshak*, 607 F.2d

at 827, in determining the sufficiency of an affirmative defense. *See Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010) (applying the fair notice pleading approach from *Wyshak* instead of the heightened pleading approach from *Twombly*).

Second, as the court recognized in *Kohler*, 280 F.R.D. at 566, the Supreme Court's analysis in *Twombly*, 550 U.S. at 555, and *Iqbal*, 556 U.S. at 679, was limited to pleadings under Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires that the party stating a claim for relief provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). In contrast, Rule 8(c), which governs affirmative defenses, requires only that the responding party "affirmatively state" its affirmative defenses. Fed. R. Civ. Pro. 8(c). In making this distinction, the *Kohler* court stated that "[f]actual plausibility—which is the key difference between *Twombly/Iqbal* pleading and 'fair notice' pleading—is particularly suited to claim pleading because Rule 8(a)(2) requires that the party 'show[ ]' that it is entitled to relief." *Kohler*, 280 F.R.D. at 566 (quoting *Iqbal*, 556 U.S. at 679). Thus, "[a]pplying the same standard of pleading to claims and affirmative defenses, despite this clear distinction in the rules' language, would run counter to the Supreme Court's warning in *Twombly* that legislative action, not 'judicial interpretation,' is necessary to 'broaden the scope' of specific federal pleading standards." *Id.* (citing 550 U.S. at 569 n. 14).

Finally, the Court finds the difference in the procedural posture of a plaintiff versus a defendant supports refraining from implementing Plaintiffs' proposed approach. The District of Colorado recognized the distinction between the time that a plaintiff has to compose a complaint versus the time a defendant has to answer and found that this distinction did not support adopting the all–pleading approach. *See Holdbrook*, 2010 WL 865380, at *2. The court explained, "it is reasonable to impose stricter pleading requirements on a plaintiff who has significantly more time to develop factual support for his claims than a defendant who is only given [21] days to respond to a complaint and assert its affirmative defenses." *Id.*; *see also* Fed. R. Civ. Pro. 12(a). As such, this Court denies Plaintiffs' request to employ the "all–pleading approach" and shall evaluate each of the outstanding affirmative defenses under the "fair notice" pleading standard.

B.  Plaintiffs' Allegations

Plaintiffs Maria, Martin, Angelica, Arnulfo, Jorge, and Pedro allege in their First and Second Counts that Defendants Bautista, Matsumura, Hallenbeck, and Does 1through 25 committed Excessive Force and False Arrest in violation of Plaintiffs' Fourth and Fourteenth Amendment Rights under §1983.

Plaintiff Augustine alleges in Counts Three and Nine that Defendant Matsumura committed an Unlawful Suppression/ Prior Restraint against him in violation of Plaintiff's First and Fourteenth Amendment rights as well as under Cal. Gov. Code 815.2(a) and 820(a).

Plaintiffs Maria, Martin, Angelica, Arnulfo, Jorge, Pedro, and Augustin allege in Count Four that Defendants Bautista, Matsumura, Hallenbeck, Does 1through 25 Failed to Intervene in violation of Plaintiffs' Fourteenth Amendment Right under §1983.

Plaintiffs Maria, Martin, Angelica, Arnulfo, Jorge, and Pedro allege in Counts Five and Six that Defendants County of Yolo, Yolo County Sheriff's Office, Prieto and Does 26 through 50 engaged in Inadequate Policies, Customs, or Practices as well as Inadequate Training, Supervision, and Discipline in violation of Plaintiffs' Fourth and Fourteenth Amendment Rights under §1983.

Plaintiffs Maria, Martin, Angelica, Arnulfo, Jorge, and Pedro allege in Counts Seven and Eight that Defendants County of Yolo, Yolo County Sheriff's Office, Bautista, Matsumura, Hallenbeck, and Does 1through 25 committed Battery and False Arrest in violation of Cal. Gov. Code 815.2(a) and 820(a).

Plaintiffs Maria, Martin, Angelica, Arnulfo, Jorge, Pedro, and Augustin allege in Count Ten that Defendants County of Yolo, Yolo County Sheriff's Office, Prieto, Bautista, Matsumura, Hallenbeck, and Does 1through 50 committed negligence in violation of Cal. Gov. Code 815.2(a) and 820(a).

Finally, Plaintiffs Maria, Martin, Angelica, Arnulfo, Jorge, Pedro, and Augustin allege in Counts Eleven and Twelve that Defendants County of Yolo, Yolo County Sheriff's Office, Bautista, Matsumura, Hallenbeck, and Does 1through 25 committed Intentional Infliction of

Emotional Distress in violation of Cal. Gov. Code 815.2(a) and 820(a) and violations of the Bane Act under Cal Civil Code 52.1 and Cal. Gov. Code 815.2(a) and 820(a).

### C. Affirmative Defense One — Failure to Allege Facts Sufficient for a Cause of Action

Defendants' First Affirmative Defense asserts that, "the complaint and each alleged cause of action therein fails to allege facts sufficient to constitute a cause of action against the answering defendants." (ECF No. 12 at 10.) In their Opposition Defendants acknowledge that this defense is improper. (ECF No. 18 at 5.) Defendants request that, should the Court strike this defense, it do so without prejudice so that Defendants may later assert this defect in Plaintiffs' case. (ECF No. 18 at 5.) Plaintiffs request that this defense be stricken with prejudice since it is not an appropriate affirmative defense and cannot be asserted "later." (Pl.'s Reply, ECF No. 19 at 5.)

The Court agrees with the parties that this claim is not properly brought as an affirmative defense. "Failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in [plaintiffs'] prima facie case… [and] is more properly brought as a motion." *Powell v. Union Pac. R. Co.,* 864 F. Supp. 2d 949, 962–63 (E.D. Cal. 2012) (citing *Barnes v. AT & T Pension Ben. Plan–Nonbargained Program,* 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010); *see also Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense."). Accordingly, Plaintiffs' Motion to Strike with respect to Defendants' First Affirmative Defense is GRANTED and said defense is STRICKEN from Defendants' Answer without leave to amend.[1]

### D. Affirmative Defense Two — Failure to Allege facts Sufficient for Punitive Damages

Defendants' Second Affirmative Defense asserts that the "complaint fails to state facts

---

[1] The Court will not grant leave to amend because "failure to state a claim" is a defense only properly brought in a motion under FRCP 12(b)(6). A Rule 12 motion must be brought before any answer is filed. Fed. R. Civ. Pro. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.") Thus, Defendants have missed their opportunity to make this argument to the Court.

sufficient to constitute a cause of action against these answering defendants for punitive damages." (ECF No. 12 at 10.) Again, in their Opposition, Defendants acknowledge that this defense is improper. (ECF No. 18 at 6.) Thus, Defendants request that, should the Court strike this defense, it do so without prejudice so that Defendants may later assert this defect in Plaintiffs' case. (ECF No. 18 at 6.) In response, Plaintiffs assert that this defense should be stricken with prejudice since it is not an appropriate affirmative defense and cannot be asserted "later." (ECF No. 19 at 5.)

The Court agrees that this claim is not properly brought as an affirmative defense. "The [D]efendants' disclaimer of liability is not a proper affirmative defense; it is an assertion that 'Plaintiff has not proved essential elements of [his] claim.'" *Devermont v. City of San Diego*, 12–CV–01823, 2013 U.S. Dist. LEXIS 83495, *10–11, 2013 WL 2898342 (S.D. Cal. June 11, 2013) (citing *Roe v City of San Diego*, 289 F.R.D. 604 (S.D. Cal. 2013)); *see also Kiswani v. Phoenix Sec. Agency, Inc.*, No. 05 C 4559, 2006 WL 463383, at *5 (N.D. Ill. Feb. 22, 2006) ("Assertions that punitive damages are not recoverable or constitutional do not constitute affirmative defenses under [FRCP] 8(c)."); *see also Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense."). Accordingly, Plaintiffs' Motion to Strike in respect to Defendants' Second Affirmative Defense is GRANTED. Defendants' Second Affirmative Defense is STRICKEN without leave to amend.

E.  Affirmative Defense Three and Four —Immunity from Liability and Damages

Defendants' Third and Fourth Affirmative Defenses assert general claims of immunity. The Third defense states that Defendants are, "immune from liability as a result of executive and/or legislative and/or judicial immunity under common law, United States statutes, and the opinions of the State and Federal Courts interpreting these laws." (ECF No. 12 at 10.) Similarly in their Fourth defense, Defendants "plead immunities from liability for any and all injuries and damages alleged in the complaint on file herein." (ECF No. 12 at 10.) In their Opposition, Defendants argue that they are permitted to plead a "laundry list" of statutes, and are not required

to identify each individual statute. (ECF No. 18 at 6.) Plaintiffs contend that this "laundry list" is too vague and that they have not been put on fair notice as to which immunities Defendants plan to raise, and which Defendants plan to raise them. (ECF No. 16 at 7.) Plaintiffs further assert that any immunity claimed under federal law, including qualified immunity, would not apply to the state law claims. (ECF No. 16 at 7.)

The Court finds that while the affirmative defense of immunity to §1983 claims is proper, the "laundry list" of immunities stated in Defendants' Answer is too vague to give fair notice. *See Edwards v. Cty. of Modoc*, No. 2:14–CV–02646–MCE, 2015 WL 4456180, at *7 (E.D. Cal. July 20, 2015) (finding that defendant's affirmative defense of "all rights, defenses, and immunities granted by the United States Code and California statutes" was too broad and did not give the Plaintiffs fair notice as to any specific defense). The Court will allow Defendants to cure these affirmative defenses by providing specific defenses within applicable codes and statutes. Accordingly, Plaintiffs' Motion to Strike in respect to Defendants' Third and Fourth Affirmative Defenses is GRANTED and that defense is STRICKEN from Defendants' Answer with leave to amend.

    F. <u>Affirmative Defense Five — California Government Code Sections 810–996.6 and Plaintiffs' Failure to Comply with the Government Claims Act</u>

Defendants' Fifth Affirmative Defense asserts the "defenses and all rights granted to them and each of them by virtue of provisions of the California Government Code Sections 810–996.6." (ECF No. 12 at 10.) Defendants allege that Plaintiffs' failure to comply with the Government Claims Act is included in this defense. (ECF No. 18 at 11.) Plaintiffs argue that any state law immunity would not apply to the federal claims. (ECF No. 16 at 14.) Plaintiffs further argue that the recitation of this affirmative defense is too vague to put them on fair notice. (ECF No. 16 at 14.)

The Court disagrees. Defendants' claim of rights under Cal. Gov. Code Sections 810–996.6 is sufficient to put Plaintiffs on fair notice as to the defenses Defendants intend to assert in this case. The Court construes this affirmative defense as an assertion of immunity and the failure

11

to comply with the Government Claims Act is the factual basis on which the assertion lies. The Court finds that this factual basis is more than sufficient to provide fair notice. Accordingly, Plaintiffs' Motion to Strike in respect to Defendants' Fifth Affirmative Defense is DENIED.

### G. Affirmative Defense Six —Self Defense and Defense of Others

Defendants' Sixth Affirmative Defense asserts that, "at all times mentioned in the complaint on file herein and immediately prior thereto, Defendants acted [in] self defense and defense of others." (ECF No. 12 at 11.) Defendants argue that self defense is indeed an appropriate affirmative defense and that a finding of self defense would consequently bar any applicable state cause of action against supervising/entity defendants. (ECF No. 18 at 7.) Plaintiffs maintain that this affirmative defense does not apply to those defendants absent from the scene, nor to public entities which are not capable of self defense.[2] (ECF No. 16 at 9–10.) Plaintiffs further contend that the defense, if allowed, could only apply to state law claims, not the §1983 federal claims. (ECF No. 19 at 7.)

The Court finds that Defendants' assertion of self–defense and defense of others is sufficient to put Plaintiffs on fair notice as to the defenses they intend to raise in this case. Further, the applicability of this defense to §1983 claims requires the Court to analyze the reasonableness of the officers' actions which the Court is not prepared to address at this time as it would be premature. As referenced earlier in this Order, if the Court is in doubt as to whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied, leaving an assessment of the sufficiency of the allegations for adjudication on the merits. *See generally Whittlestone, Inc. v. HandiCraft Co*., 618 F.3d 970, 974–75 (9th Cir. 2010). Accordingly, Plaintiffs' Motion to Strike in respect to Defendants' Sixth Affirmative Defense is DENIED.

### H. Affirmative Defense Seven —Good Faith and Probable Cause

Defendants' Seventh Affirmative Defense asserts that, "at all times mentioned herein and immediately prior to, Defendants acted with probable cause and in good faith." (ECF No. 12 at

---

[2] The Court recognizes that by this statement Plaintiffs are referring to Defendants County of Yolo, Yolo County Sherriff's Office, and Edward Prieto.

11.) In Defendants' Opposition they clarified that their "good faith" defense actually means qualified immunity. (ECF No. 18 at 7.) Plaintiffs argue that Defendants' clarification in their Opposition that "good faith" actually meant "qualified immunity" does not cure the initial insufficient description. (ECF No. 19 at 7.)

The Court finds that Plaintiffs are correct that deficiencies in the initial Answer may not be cured in a Defendant's Opposition. This Court recognizes that a Defendant must give Plaintiffs fair notice of their affirmative defenses in the Answer, not in an Opposition to Plaintiffs' Motion filed at some later date. *Shellabarger v. Dicharry,* 13–CV–00188–TLN, 2014 WL 5797194, at *3 (E.D. Cal. Nov. 6, 2014); *see also* Fed. R. Civ. Pro. 8(c)(1) (requiring a party to state its affirmative defenses in a "responsive pleading"); Fed. R. Civ. Pro. 7(a) (a "pleading" is a complaint, answer to a complaint, answer to a counterclaim designated as a counterclaim, answer to a crossclaim, third–party complaint, answer to a third–party complaint, and if ordered by the court, a reply to an answer); *Morrison v. Mahoney*, 399 F.3d 1042, 1046 (9th Cir. 2005) (explaining that anything not listed as a pleading under Rule 7(a) of the Federal Rules of Civil Procedure is a "motion or paper").

However, the Court will allow this affirmative defense to survive Plaintiffs' Motion to Strike since the Ninth Circuit has expressly held that, "good faith is an affirmative defense that a police officer must prove." *Heller v. Bushey*, 759 F.2d 1371, 1373–74 n. 1 (9th Cir.1985), *vacated on other grounds*, 475 U.S. 796 (1986); *see also Harris v. City of Roseburg*, 664 F.2d 1121, 1129 (9th Cir. 1981) ("We recognize that good faith is an affirmative defense which must be proved by the officer."); *Benigni v. City of Hemet*, 879 F.2d 473, 479 (9th Cir. 1988) (reiterating the *Harlow* decision that the Ninth Circuit has expressly found good faith to be an affirmative defense). Further, the U.S. Supreme Court has used the terms "good faith" and "qualified immunity" interchangeably. *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982) ("Qualified or 'good faith' immunity is an affirmative defense that must be pleaded by a defendant official.") (citing *Gomez v. Toledo*, 446 U.S. 635 (1980)). The Court finds that this defense gives Plaintiffs fair notice, but would suggest that Defendants more clearly articulate this

defense should they file an amended Answer. Accordingly, Plaintiffs' Motion to Strike in respect to Defendants' Seventh Affirmative Defense is DENIED.

### I. Affirmative Defense Eight — Vicarious Liability and *Respondeat Superior*

Defendants' Eighth Affirmative Defense asserts that, "they are not vicariously liable for any act or omission of another person by way of *respondeat superior* or otherwise." (ECF No. 12 at 11.) In their Opposition, Defendants acknowledge that this affirmative defense is improper. (ECF No. 18 at 9.) Defendants request that, should the Court strike this defense, it do so without prejudice so that Defendants may later assert this defect in Plaintiffs' case. (ECF No. 18 at 9.) Again, Plaintiffs request that this defense be stricken with prejudice since it is not an appropriate affirmative defense and cannot be asserted "later." (ECF No. 19 at 8.)

The Court agrees that this claim is not properly brought since it is an allegation of defect in the Plaintiffs' *prima facie* case, not an affirmative defense. *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) ("a defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense."). Accordingly, Plaintiffs' Motion to Strike in respect to Defendants Eighth Affirmative Defense is GRANTED and that defense is STRICKEN from Defendants' Answer without leave to amend.

### J. Affirmative Defense Ninth — Assumption of the Risk

Defendants' Ninth Affirmative Defense asserts that Plaintiffs "willingly, voluntarily, and knowingly assumed each and every and all the risks and hazards involved in the activities referred in the complaint. Plaintiffs willfully resisted, obstructed, and delayed the officers' efforts to conduct their duties." (ECF No. 12 at 11.) Defendants maintain that the affirmative defense of "assumption of the risk" may apply to §1983 claims and that Plaintiffs have fair notice. (ECF No. 18 at 11.) Defendants ask that, if the Court finds that this defense does not properly apply to §1983 claims, it deny Plaintiffs' request because it applies to Plaintiffs' negligence claim. (ECF No. 18 at 10.)

Plaintiffs argue that this defense only applies to the state law claims, and more specifically, only to elements of negligence. (ECF No. 16 at 12.) Plaintiffs also argue that

14

overall, this affirmative defense is nothing more than, "a redundant denial of Plaintiffs' factual allegations" and thus is improper to provide fair notice. (ECF No. 16 at 12–13.)

While the Court agrees that assumption of the risk is not applicable to §1983 claims, it is still applicable to negligence claims. *Miller v. Schmitz*, 12–CV–0137 LJO, 2013 WL 5754945, at *5 (E.D. Cal. Oct. 23, 2013) ("Concepts of comparative fault or indemnification are not applicable in actions filed under 42 U.S.C. §1983.");[3] *see also Ganley v. Cty. of San Mateo*, C06–3923 TEH, 2007 WL 902551, at *9 (N.D. Cal. Mar. 22, 2007) ("A defense of assumption of the risk applies to tort actions where the Plaintiff knowingly acted to engage in dangerous behavior.").

In determining whether the assumption of risk doctrine applies, courts look at the nature of the activity involved and the role of the person whose conduct is at issue. *Muchhala v. United States,* 532 F. Supp. 2d 1215, 1228 (E.D. Cal. 2007) (citing *Knight v. Jewett*, 3 Cal. 4th 296, 313 (1992)). In their Answer, Defendants alleged that Plaintiffs "willfully resisted, obstructed, and delayed officers efforts to conduct their duties," putting Plaintiffs on fair notice as to claims they intend to address with this affirmative defense. (ECF No. 12 at 11.) As previously stated, if the Court is in doubt as to whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied, leaving an assessment of the sufficiency of the allegations for adjudication on the merits. *See generally Whittlestone, Inc. v. HandiCraft Co*., 618 F.3d 970, 974–75 (9th Cir. 2010). Accordingly, Plaintiffs' Motion to Strike in respect to Defendants' Ninth Affirmative Defense is DENIED.

### K. Affirmative Defense Tenth — Collateral Estoppel and *Res Judicata*

Defendants' Tenth Affirmative Defense asserts that, "Plaintiffs' causes of action are barred by the doctrines of collateral estoppel and *res judicata* due to the criminal proceedings

---

[3] "*Knight v. Jewett*, 3 Cal.4th 296 (1992) is the seminal California case on assumption of the risk… 'Secondary assumption of risk [is] where a defendant breaches a duty of care owed to the plaintiff but the plaintiff nevertheless knowingly encounters the risk created by the breach. Secondary assumption of risk is not a bar to recovery, but requires the application of comparative fault principles.'" *See Muchhala v. Spectrum Admin*., CV–F–05–0863LJO, 2006 WL 2237699, at *3 (E.D. Cal. Aug. 4, 2006); *see also Schmidt v. Pentair, Inc*., C08–4589 TEH, 2010 WL 4607412, at *1 (N.D. Cal. Nov. 4, 2010) ("The defense of assumption of the risk merges with principles of comparative fault in negligence cases in which the defendant owes a duty of care to the plaintiff.").

1  against them stemming from the incident which forms the basis of this lawsuit." (ECF No. 12 at
2  11.) Defendants argue that *res judicata*/collateral estoppel is a proper affirmative defense under
3  Federal Rule of Civil Procedure 8(c) and that it applies here to prevent re–litigation of factual
4  issues considered in prior legal proceedings. (ECF No. 18 at 10.) Defendants also argue that
5  Plaintiffs have fair notice of Defendants' intention to assert *res judicata*/collateral estoppel as it
6  applies to the pending criminal proceedings. (ECF No. 18 at 11.) Plaintiffs contend that the
7  affirmative defense of *res judicata*/collateral estoppel requires that the issues be fully litigated and
8  that a final judgment on the merits is reached. (ECF No. 16 at 14.) Plaintiffs state that no final
9  judgement has yet occurred in the criminal trial so this defense is improper and premature. *Id*.

10  The Court agrees. The Plaintiffs are correct that this defense is premature and should be
11  stricken as the aforementioned criminal case has not yet reached a final judgement. Defendants
12  have provided no indication that the criminal case has reached a final judgement, nor that *res*
13  *judicata* applies in cases without a final judgement. Additionally, based on Defendants' Answer,
14  it is unclear which claims are at issue in that case, compared to which claims are asserted in the
15  present litigation. Accordingly, Plaintiffs' Motion to Strike in respect to Defendants' Tenth
16  Affirmative Defense is GRANTED and that defense is STRICKEN from Defendants' Answer
17  without leave to amend. Should a final judgement be reached in the criminal case, Defendants'
18  may assert *res judicata*, if it applies, by way of Federal Rule of Civil Procedure 15.

19    L. <u>Affirmative Defense Eleventh — Reservation of Additional Affirmative Defenses</u>
20  Defendants' Eleventh Affirmative Defense asserts that "they cannot fully anticipate all
21  affirmative defenses that may be applicable to this action based on the conclusionary [*sic*] terms
22  used in Plaintiffs' complaint. Accordingly, Defendants reserve the right to assert additional
23  defenses if and to the extent such affirmative defenses become applicable." (ECF No. 12 at 11.)
24  In their Opposition, Defendants acknowledge that this defense is improper. (ECF No. 18 at 11.)
25  Defendants request that, should the Court strike any affirmative defenses, it do so without
26  prejudice and that Defendants may have leave to amend. (ECF No. 18 at 11.) Plaintiffs argue
27  that the reservation of future affirmative defenses is not itself a proper affirmative defense. (ECF
28

16

No. 16 at 15.)

The Court agrees with the parties that the reservation of future affirmative defenses is not properly brought as an affirmative defense. "If at some later date defendants seek to add affirmative defenses, they must comply with Rule 15 of the Federal Rules of Civil Procedure. Defendants cannot avoid the requirements of Rule 15 simply by 'reserving the right to amend or supplement their affirmative defenses.'" *Devermont v. City of San Diego*, 12–CV–01823, 2013 U.S. Dist. LEXIS 83495, *25, 2013 WL 2898342 (S.D. Cal. June 11, 2013) (citing *Solis v. Zenith Capital*, LLC, 08–CV–4854, 2009 U.S. Dist. LEXIS 43350, 2009 WL 1324051, at *7 (N.D. Cal. May 8, 2009)). Accordingly, Plaintiffs' Motion to Strike in respect to Defendants' Eleventh Affirmative Defense is GRANTED and that defense is STRICKEN from Defendants' Answer without leave to amend.

## V.    CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Strike is GRANTED IN PART and DENIED IN PART. Accordingly, this Court hereby:

1. GRANTS without leave to amend Plaintiffs' Motion to Strike Affirmative Defenses: One, Two, Eight, Ten, and Eleven;
2. GRANTS with leave to amend Plaintiffs' Motion to Strike Affirmative Defenses: Three, Four, Five, Seven; and
3. DENIES Plaintiffs' Motion to Strike Affirmative Defenses: Six and Nine.

IT IS SO ORDERED.

Dated: July 19, 2016

Troy L. Nunley
United States District Judge