UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA VARGAS, MARTIN VARGAS, ANGELICA VARGAS, AUGUSTIN VARGAS, ARNULFO BERMUDEZ, JORGE VARGAS, and PEDRO GARCIA, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF YOLO, YOLO COUNTY SHERIFF'S OFFICE, EDWARD PRIETO, HECTOR BAUTISTA, REIKO MASTSUMARA, and GARY HALLENBECK, <br><br> Defendants. | No. 2:15-cv-02537-TLN-CKD <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE** |

    This matter is before the Court pursuant to Plaintiffs Maria Vargas, Martin Vargas, Angelica Vargas, Augustin Vargas, Arnulfo Bermudez, Jorge Vargas, and Pedro Garcia's (collectively, "Plaintiffs") Motion to Strike Affirmative Defenses from Defendants' First Amended Answer ("FAA"). (Mot. to Strike, ECF No. 34.) Defendants County of Yolo, Yolo County Sheriff's Office, Edward Prieto, Hector Bautista, Reiko Matsumura, and Gary Hallenbeck's (collectively, "Defendants") filed an opposition (Opp'n to Mot. to Strike, ECF No. 35), and Plaintiffs filed a reply, (Reply to Mot. to Strike, ECF No. 36). For the reasons set forth below, the Court hereby

GRANTS IN PART and DENIES IN PART Plaintiffs' Motion to Strike. (ECF No. 34.)

I. **FACTUAL AND PROCEDURAL BACKGROUND**

On December 8, 2015, Plaintiffs filed a complaint against Defendants for various violations of civil and constitutional rights arising out of incidents occurring at the Vargas family home on March 8, 2015. (ECF No. 1.) Specifically, Plaintiffs alleged the following causes of action: (1) Excessive Force in Violation of the Constitution; (2) False Arrest in Violation of the Constitution; (3) Unlawful Suppression/Prior Restraint in Violation of the Constitution; (4) Failure to Intervene; (5) Inadequate Policies, Customs, or Practices; (6) Inadequate Training, Supervision, or Discipline; (7) Battery; (8) False Arrest in Violation of California Law; (9) Unlawful Suppression/Prior Restraint in Violation of California Law; (10) Negligence; (11) Intentional Infliction of Emotional Distress; and (12) Violation of the Bane Act. (ECF No. 1.) The specific allegations underlying this case were addressed in great length in this Court's prior Order and are incorporated herein by reference. (*See* ECF No. 32.)

On January 28, 2016, Defendants filed an answer, asserting eleven affirmative defenses. (ECF No. 12.) On February 28, 2016, Plaintiffs filed a motion to strike Defendants' affirmative defenses. (ECF No. 16.) On July 20, 2016, the Court granted in part and denied in part Plaintiffs' motion to strike Defendants' affirmative defenses. (ECF No. 32.) The Court also granted Defendants leave to amend their general immunity-based affirmative defenses to more particularized immunity-based defenses. (ECF No. 32 at 11.) On August 3, 2016, Defendants filed the FAA, which alleged six affirmative defenses. (ECF No. 33.) Of the six affirmative defenses pled in Defendants' FAA, four of the affirmative defenses (Affirmative Defenses Three, Four, Five, and Six) were defenses that the Court previously declined to strike, one of the affirmative defenses (Affirmative Defense Two) was a specific immunity-based defense not previously pled, and one of the affirmative defenses (Affirmative Defense One) repeated the defense of qualified immunity already stated in Affirmative Defense Five. (*See* ECF No. 33.) Plaintiffs now moves to strike all six affirmative defenses in Defendants' FAA. (ECF No. 34.)

///

## II. STANDARDS OF LAW

### A. Motion to Strike

Under Federal Rule of Civil Procedure ("Rule") 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). However, Rule 12(f) motions are "generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003). "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Id.* Unless it would prejudice the opposing party, courts freely grant leave to amend stricken pleadings. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979); *see also* Fed. R. Civ. P. 15(a)(2). "If the court is in doubt as to whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied, leaving an assessment of the sufficiency of the allegations for adjudication on the merits." *Carolina Cas. Ins. Co. v. Oahu Air Conditioning Serv., Inc.*, 994 F. Supp. 2d 1082, 1090–91 (E.D. Cal. 2014) (internal quotation marks omitted).

### B. Affirmative Defense Pleading Standard

Rule 8(c) provides, in pertinent part, that "a party must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c). "An affirmative defense may be insufficient as a matter of pleading or as a matter of law." *Kohler v. Islands Rests.*, LP, 280 F.R.D. 560, 564 (S.D. Cal. 2012). The Ninth Circuit has held that "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak*, 607 F.2d at 827 (citing *Conley v. Gibson*, 355 U.S. 41, 47–48 (1957)); *accord Simmons v. Navajo*, 609 F.3d 1011, 1023 (9th Cir. 2010). "Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense." *Kohler v. Islands Restaurants, LP.*, 280 F.R.D. 560, 564 (S.D. Cal. 2012) (citing *Conley*, 355 U.S. at 47). "On the other hand, an affirmative

defense is legally insufficient only if it clearly lacks merit 'under any set of facts the defendant might allege.'" *Id*. (quoting *McArdle v. AT & T Mobility, LLC*, 657 F. Supp. 2d 1140, 1149–50 (N.D. Cal. 2009)).

**III.    ANALYSIS**

Plaintiffs move to strike Defendants' affirmative defenses on three grounds. First, Plaintiffs argue Defendants' Third, Fourth, Fifth, and Sixth Affirmative Defenses should be stricken because they are redundant. (ECF No. 34 at 16–21.) Second, Plaintiffs argue Defendants' First, Second, Third, and Fifth Affirmative Defenses should be stricken because they are legally insufficient. (ECF No. 34 at 13–15, 19.) Third, Plaintiffs argue all six of Defendants' Affirmative Defenses should be stricken because they are improperly pled. (ECF No. 34 at 12.) Defendants conversely, argue that the Court already denied Plaintiffs' previous motion to strike Affirmative Defenses Three, Four, Five, and Six, and Plaintiffs have not set forth any reason for the Court to reconsider its previous ruling. Defendants also maintain that Affirmative Defenses One and Two give fair notice to Plaintiffs. The Court will address each argument in turn.

A. <u>Redundancy of Defendants' Affirmative Defenses</u>

1. <u>Affirmative Defenses One (Qualified Immunity) and Five (Qualified Immunity)</u>

Plaintiffs argue Defendants' First and Fifth Affirmative Defenses are redundant of one another because they both assert qualified immunity. Affirmative Defense One states: "Defendants assert they are entitled to qualified immunity." (ECF No. 33 at 10.) Affirmative Defense Five states: "Defendants assert that at all times mentioned herein and immediately prior to, Defendants acted with probable cause and in good faith and are entitled to qualified immunity." (ECF No. 33 at 11.) Defendants have not opposed Plaintiffs' argument. Accordingly, since Affirmative Defense Five already encompasses Defendants' qualified immunity defense, and since the Court already declined to strike Affirmative Defense Five in its previous order (ECF No. 32 at 12–14), the Court strikes Defendants' First Affirmative Defense as it is redundant.

### 2. Affirmative Defenses Three (California Government Code), Four (Self-Defense), and Six (Assumption of the Risk)

Plaintiffs argue Affirmative Defenses Three, Four, and Six are redundant, negative defenses, and thus, should be stricken. However, the Court already held that these defenses were affirmative defenses (ECF No. 32 at 11–15), and Plaintiffs have provided no reasoning for the Court to reconsider its prior ruling.[1] Accordingly, the Court denies Plaintiffs' Motion to Strike Defendants' Third, Fourth, and Sixth Affirmative Defenses to the extent Plaintiffs argue they are redundant, negative defenses.

### B. Legal Sufficiency of Defendants' Affirmative Defenses

#### 1. Affirmative Defense Two (California Statutory Immunity)

Defendants' Second Affirmative Defense asserts specific statutory immunities under the California Penal Code and California Civil Code. (ECF No. 33 at 10.) Plaintiffs contend that this defense should be stricken as legally insufficient to the extent it is asserted against any federal claims. The Court agrees. "[S]tate law cannot provide immunity from suit for federal rights violations." *Wallis v. Spencer*, 202 F.3d 1126, 1144 (9th Cir. 2000). Therefore, the Court strikes the Second Affirmative Defense to the extent it is asserted against Plaintiffs' federal law claims.

#### 2. Affirmative Defense Three (California Government Code)

Defendants' Third Affirmative Defense asserts defenses under certain provisions of the California Government Code, including Plaintiffs' failure to comply with the Government Claims Act. (ECF No. 33 at 10–11.) Plaintiffs contend that this defense should be stricken as legally insufficient to the extent it is asserted against any federal claims. The Court agrees. The exhaustion of state remedies is not a prerequisite to an action under § 1983. *Patsy v. Bd. of Regents*, 457 U.S. 496, 516 (1982). Moreover, "state law cannot provide immunity from suit for federal rights violations." *Wallis*, 202 F.3d at 1144. Therefore, the Court strikes the Third

---

[1] Indeed, Plaintiffs maintain they are not asking the Court for reconsideration. The Court is perplexed by this assertion. The Court already denied Plaintiffs' motion to strike the exact same affirmative defenses based on the exact same arguments. The fact that the defenses are re-pled in Defendants' FAA (as is expected) does not warrant re-filing the same motion with the same arguments that were previously rejected by this Court.

Affirmative Defense to the extent it is asserted against Plaintiffs' federal law claims.

### 3. Affirmative Defense Five (Qualified Immunity)

Defendants' Fifth Affirmative Defense asserts qualified immunity. (ECF No. 33 at 11.) Plaintiffs contend that this defense should be stricken as legally insufficient to the extent it is asserted on behalf of Defendants County of Yolo and Yolo County Sheriff's Office and to the extent it is asserted against any state law claims. The Court agrees. Qualified immunity applies only to individual defendants and not to municipal entities. *Owen v. Independence*, 445 U.S. 622, 638 (1980). Moreover, "the doctrine of qualified immunity does not shield defendants from state law claims." *Johnson v. Bay Area Rapid Transit Dist.*, 724 F.3d 1159, 1171 (9th Cir. 2013). Therefore, the Court strikes the Fifth Affirmative Defense to the extent it is asserted on behalf of Defendants County of Yolo and Yolo County Sheriff's Office and to the extent it is asserted against Plaintiffs' state law claims.

### C. Pleading Sufficiency of Defendants' Affirmative Defenses

#### 1. Plaintiffs' Proposed Pleading Standard

Plaintiffs again asks this Court to strike Defendants' affirmative defenses by extending the heightened pleading standard set forth in *Bell Atlantic Corporation v. Twombly*, 550 U.S. (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) to all pleadings. (ECF No. 34 at 9.) However, Plaintiffs have not set forth any persuasive reasoning for the Court to reconsider this issue, particularly in light of the Ninth Circuit's decision in *Kohler v. Flava Enterprises, Inc.*, which held that "the 'fair notice' required by the pleading standards only requires describing [an affirmative] defense in 'general terms.'" 779 F.3d 1016, 1019 (9th Cir. 2015). Therefore, the Court again denies Plaintiffs' request to apply a heightened pleading standard to Defendants' answer.

#### 2. Affirmative Defense Two (California Statutory Immunity)

Defendants' Second Affirmative Defense states: "Defendants assert they are immune from liability by reason of the provisions of the California Penal Code, including but not limited to Sections 834a, 835, 835a, 836, 836.5, 847 and Civil Code Section 43.55." (ECF No. 33 at 10.)

Plaintiffs argue that this defense should be stricken because it is insufficiently pled. The Court disagrees. "[A]n affirmative defense is sufficiently pled when it provides the plaintiff with fair notice of its grounds, which need only be described in general terms." *Basque v. Cty. of Placer*, No. 2:16-CV-2760 KJN, 2017 WL 950503, at *3 (E.D. Cal. Mar. 10, 2017) (citing *Kohler*, 779 F.3d at 1019). Defendants have specifically provided the precise statutory provisions they intend to rely on, and therefore they have provided Plaintiffs with fair notice. Furthermore, "[i]f the court is in doubt as to whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied, leaving an assessment of the sufficiency of the allegations for adjudication on the merits." *Carolina Cas. Ins. Co.*, 994 F. Supp. 2d at 1090–91 (internal quotation marks omitted). Accordingly, the Court denies Plaintiffs' Motion to Strike Defendants' Second Affirmative Defense except to the extent it is asserted against Plaintiffs' federal law claims.

### 3. Affirmative Defenses Three (California Government Code), Four (Self-Defense), Five (Qualified Immunity), and Six (Assumption of the Risk)

Plaintiffs argue Affirmative Defenses Three, Four, Five, and Six are insufficiently pled. However, the Court already found that these defenses were pled with sufficiently fair notice to Plaintiffs and specifically declined to strike them. (*See* ECF No. 32.) Since Plaintiffs have provided no reasoning for the Court to reconsider its prior ruling, the Court denies Plaintiffs' Motion to Strike Defendants' Third, Fourth, Fifth, and Sixth Affirmative Defenses to the extent Plaintiffs argue they are insufficiently pled.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS IN PART and DENIES IN PART Plaintiffs' Motion to Strike.[2] Accordingly, this Court hereby:

1. STRIKES Defendants' First Affirmative Defense.

---

[2] Although Plaintiffs' motion was in part technically successful, the Court expended significant time and resources to handle a matter that ultimately "accomplished very little in practice," as Plaintiffs' discovery obligations were not reduced as a result of the stricken material nor was the litigation streamlined. *Basque*, 2017 WL 950503, at *5. Therefore, the Court is hopeful "that counsel will carefully consider the strategic value of motions to strike affirmative defenses in the future." *Id.* (internal quotation marks omitted).

2. STRIKES Defendants' Second and Third Affirmative Defenses insofar as they are asserted against Plaintiffs' federal law claims.
3. STRIKES Defendants' Fifth Affirmative Defense insofar as it is asserted on behalf of the County of Yolo and Yolo County Sherriff's Office and insofar as it is asserted against Plaintiffs' state law claims.
4. DENIES the motion in all other respects.

IT IS SO ORDERED.

Dated: June 7, 2018

Troy L. Nunley
United States District Judge